## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN MILES,<br><br>        *Plaintiff*,<br><br>  v.<br><br>WASHINGTON HOSPITAL CENTER CORPORATION,<br><br>        *Defendant*. | No. 22-cv-287 (DLF) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Steven Miles, proceeding *pro se*, brings this Title VII action against his former employer Washington Hospital Center Corporation.  Before the Court is the defendant's Motion to Dismiss, Dkt. 5.  For the following reasons, the Court will grant the motion.

## I.  BACKGROUND[1]

In 2017, Miles was hired as a sterile processor for the defendant.  Pl.'s Opp'n Ex. 1 (EEO Charge) at 1, Dkt. 12-1.  He alleges that he complained to Human Resources that his supervisor "intentionally neglect[ed] to enter the hours [he] worked for more than a month."  Compl. ¶ 1, Dkt. 2-1.  He also claims that the defendant failed to pay him for all the hours that he worked.

---

[1] The Court assumes the truth of material factual allegations in the complaint.  *See Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011).  Generally, when deciding a Rule 12(b)(6) motion, the court may consider only the complaint itself, documents attached to the complaint, documents incorporated by reference in the complaint, and judicially noticeable materials. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *see McIver v. Mattis*, 318 F. Supp. 3d 245, 250 (D.D.C. 2018) (EEO documents are "judicially noticeable public records").  But when a plaintiff proceeds *pro se*, the Court must consider the complaint "in light of all filings, including filings responsive to a motion to dismiss."  *Johnson v. District of Columbia*, 927 F.3d 539, 541 (D.C. Cir. 2019) (internal quotation marks omitted).

Pl.'s Opp'n at 3, Dkt. 12.  In his Equal Employment Opportunity (EEO) charge, he claims that he reported his supervisor to Human Resources on October 16, 2020 for not signing his paycheck. EEO Charge at 1. Days later, his supervisor required him to submit to a drug test.  Compl. ¶ 1; EEO Charge at 1.  His supervisor allegedly knew about Miles' drug use because he used drugs with her and her stepdaughter.  Compl. ¶ 1.  Miles then had to take a drug abuse class and further drug tests.  EEO Charge at 1.  After he fulfilled these requirements and was due to return to work, the defendant instead fired him on January 1, 2021.  Compl. ¶ 1; EEO Charge at 1.

On September 22, 2021, Miles filed an EEO complaint claiming that he was retaliated against for "opposing unlawful employment practices" in violation of Title VII.   EEO Charge at 1.  The EEOC issued a right to sue letter on September 28, 2021.  Def.'s Mot. to Dismiss Ex. 2, Dkt. 5-3.  Miles then filed a complaint in D.C. Superior Court alleging retaliation and sex discrimination.  *See generally* Compl.  The defendant removed the case to federal court, *see* Notice of Removal, Dkt. 2, and moved to dismiss, Dkt. 5.

## II.  LEGAL STANDARDS

Rule 12(b)(6) of the Rules of Civil Procedure allows a defendant to move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This standard does not amount to a specific probability requirement, but it does require "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the

speculative level."). A complaint need not contain "detailed factual allegations," but alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

Well-pleaded factual allegations are "entitled to [an] assumption of truth," *id.* at 679, and the court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted). Even so, "the Supreme Court has made clear that . . . there is no requirement 'that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" *Jean-Pierre v. Fed. Bureau of Prisons*, 880 F. Supp. 2d 95, 100 (D.D.C. 2012) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Although a *pro se* complaint is generally entitled to liberal construction, *see Washington v. Geren*, 675 F. Supp. 2d 26, 31 (D.D.C. 2009), the assumption of truth does not apply to a "legal conclusion couched as a factual allegation," *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). An "unadorned, the-defendant-unlawfully-harmed-me accusation" is not credited; likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Ultimately, "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Because "Title VII's exhaustion requirements are not jurisdictional," *Artis v. Bernanke*, 630 F.3d 1031, 1034 n.4 (D.C. Cir. 2011), "a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is the appropriate vehicle to challenge an alleged failure to exhaust administrative remedies under Title VII," *Mahoney v. Donovan*, 824 F. Supp. 2d 49, 58 (D.D.C. 2011) (internal quotation marks omitted).

## III. ANALYSIS

The defendant moves to dismiss both Miles' sex discrimination and retaliation claims. First, it argues that Miles did not exhaust his administrative remedies. Def.'s Mot. to Dismiss at 5–9. Next, it argues that the complaint fails to state either a sex discrimination or retaliation claim. *Id.* at 9–12. The Court will address each in turn.

### A.    Exhaustion of Administrative Remedies

"Title VII complainants must timely exhaust their administrative remedies before bringing their claims to court." *Payne v. Salazar*, 619 F.3d 56, 65 (D.C. Cir. 2010) (internal quotation marks and alterations omitted); *see also* 42 U.S.C. § 2000e-16(c). The exhaustion requirement "serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision," *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (internal quotation marks and alteration omitted), and it "ensure[s] that the federal courts are burdened only when reasonably necessary," *Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir. 1985). In the Title VII context, failure to exhaust is an affirmative defense, and thus "the defendant bears the burden of pleading and proving it." *Bowden v. United States*, 106 F.3d 433,  437 (D.C. Cir. 1997); *see also Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998) ("[A]n affirmative defense may be raised by pre-answer motion under Rule 12(b) when the facts that give rise to the defense are clear from the face of the complaint."). For

the reasons that follow, Miles failed to timely exhaust his sex discrimination claim and one of his retaliation claims.[2]

        1.   Sex Discrimination Claim

When Miles filed his charge with the EEOC, he checked the retaliation box but left the sex discrimination box unchecked.  EEO Charge at 1.  He also failed to include any factual allegations related to his sex nor did he claim that his supervisor's conduct was motivated by his sex.  *Id.*  A plaintiff who includes in his complaint "allegations outside the ambit of the predicate EEOC charge" fails to exhaust his administrative remedies "as surely as would an initial failure to file a timely EEOC charge."  *Marshall v. Fed. Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997); *see also Haynes v. DC Water Is Life*, 271 F. Supp. 3d 142, 154–56 (D.D.C. 2017) (finding that the plaintiff failed to exhaust his race and age discrimination claims where his EEO charge related only to disability discrimination).  Miles failed to exhaust his sex discrimination claim, and thus the Court will dismiss the claim with prejudice.[3]  *See Charles v. District of Columbia*, 164 F. Supp. 3d 98, 103 n.6 (D.D.C. 2016).

        2.   Retaliation Claims

Miles alleges two retaliatory acts: the directive to take a drug test and his termination.  Compl. ¶ 1; EEO Charge at 1.  In the District of Columbia, the filing period for an EEO charge,

---

[2] The defendant further argues that Miles conceded the exhaustion argument by not responding to it in his opposition brief.  *See* Def.'s Reply at 2–3, Dkt. 14; *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003).  But in light of Miles' status as a *pro se* litigant, the Court disagrees.  *See* Pl.'s Opp'n at 1 (noting that defendant "fails to provide accurate evidence" of its exhaustion defense); *see also Khatri v. Bd. of Trustees of Univ. of Dist. of Columbia*, No. 19-2644, 2021 WL 2403087, at *8 n. 9 (D.D.C. June 11, 2021) (liberally construing briefing of *pro se* litigant).

[3] Because the Court finds that Miles did not exhaust his sex discrimination claim, it need not address whether the complaint fails to state such a claim.  *See* Def.'s Mot. to Dismiss at 11–12.

required under Title VII, is 300 days from the date of each alleged discriminatory act.  *Slate v. Pub. Def. Serv. for the Dist. of Columbia*, 31 F. Supp. 3d 277, 294 (D.D.C. 2014); *see also* 42 U.S.C. § 2000e-5(e)(1).  Miles filed his EEO charge September 21, 2021, *see* EEO Charge at 1, so he did not timely raise claims about any discriminatory act that occurred before November 26, 2020.  He was ordered to take the drug test on October 19, 2020, and he was terminated on January 1, 2021.  *Id*.  When a plaintiff alleges that he was the victim of a "discrete retaliatory or discriminatory act," the timeliness inquiry focuses on that particular act, even if it is related to acts alleged in timely-filed charges.  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002).  Accordingly, Miles timely filed his retaliatory termination claim, but not his retaliatory drug test claim.

      **B.**      **Failure to State a Retaliation Claim**

      Title VII's antiretaliation provision prohibits an employer from discriminating against an employee that (1) "has opposed any practice made an unlawful employment practice by [Title VII]"; or (2) "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]."  42 U.S.C. § 2000e-3(a).  To prove a retaliation claim, an employee "must show (1) that [the] employee engaged in statutorily protected activity; (2) that the employee suffered a materially adverse action by the employee's employer; and (3) that a causal link connects the two."  *Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Emps. of Libr. of Cong., Inc. v. Billington*, 737 F.3d 767, 772 (D.C. Cir. 2013).

      "Not every complaint garners its author protection under Title VII."  *Broderick v. Donaldson*, 437 F.3d 1226, 1232 (D.C. Cir. 2006) (citations omitted).  To oppose an employer's conduct under Title VII, an employee must "*communicate* to his employer

that he believes the employer's conduct is, in fact, discriminatory." *Moore v. Office of the Architect of the Capitol*, 828 F. Supp. 2d 254, 257 (D.D.C. 2011). Although "magic words" are not required, the employee's complaint must in some way allege "discrimination on the basis of a protected characteristic." *Middlebrooks v. Godwin Corp.*, 722 F. Supp. 2d 82, 89 (D.D.C. 2010) (quoting *Broderick*, 437 F.3d at 1232).

Taking all of Miles' allegations as true, there is no suggestion that he ever opposed discrimination based on his sex. His EEO charge claims only that he "reported [his] Supervisor for not signing [his] paycheck to the President of the hospital." EEO Charge 1. Nor does he allege in his complaint that his supervisor's actions were related to his sex. *See generally* Compl. Because he did not engage in statutorily protected activity, his retaliatory termination claim fails. *Broderick*, 437 F.3d at 1232.

To the extent that Miles intends to bring a retaliatory hostile work environment claim, *see* Pl.'s Opp'n at 2–3, 9, 14, that also fails. First, Miles does not allege that he engaged in protected activity. *See Bergbauer v. Mabus*, 934 F. Supp. 2d 55, 79 (D.D.C. 2013). Plus, his allegations that the defendant ordered him to take a drug test, and then fired him, do not amount to "actionable retaliatory harassment," *see id.*, because they do not constitute "discriminatory intimidation, ridicule, and insult . . . sufficiently severe or pervasive to alter the conditions of [his] employment," *Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008) (internal quotation omitted). And plaintiffs cannot "bootstrap their alleged discrete acts of retaliation [or disparate treatment] into a broader hostile work environment claim." *Baloch v. Norton*, 517 F. Supp. 2d 345, 364 (D.D.C. 2007), *aff'd sub nom. Baloch v. Kempthorne*, 550 F.3d 1191 (D.C. Cir. 2008); *see also Hampton v. Vilsack*, 760 F. Supp. 2d 38, 57 (D.D.C. 2011), *aff'd*, 685 F.3d 1096 (D.C.

Cir. 2012) ("Plaintiff cannot . . . rely on the discrete acts upon which he bases his discrimination and retaliation claims to support a hostile work environment claim.").

Thus, the Court will dismiss his retaliation claim without prejudice.

Accordingly, it is

**ORDERED** that the defendant's Motion to Dismiss, Dkt. 5, is **GRANTED**.  It is further

**ORDERED** that the Complaint, Dkt. 2-1, is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is directed to close this case.

DABNEY L. FRIEDRICH
United States District Judge

June 27, 2022